

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 514-8100

February 20, 2026

**By CM/ECF**

Clifton B. Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re:   *Alaska Community Action on Toxics v. FDA*, No. 24-1382
           (argued Feb. 2, 2026).

Dear Mr. Cislak:

    We respectfully submit this letter to alert the Court to an inaccuracy that we recently identified in the FDA denial order under review. Although this discovery does not affect the validity of the FDA decisions at issue here, we apologize for this error and for not detecting it sooner and wish to correct the record for the Court.

    In the course of stating that select values taken from two reports submitted by petitioners were contradictory, the denial order mistakenly stated that the average exposure to DEHP for women in the CHAP report was 4.8 µg/kg bw/d. JA1684; *see* Gov't Br.50, 54 (referencing this aspect of denial order). But the actual figure for DEHP in the CHAP report is 1.4 µg/kg bw/d. JA973. The mistaken 4.8 value relates to a different phthalate, DINP. *Id.* Thus, while the denial order stated that the two reports were contradictory in the sense that one of them suggested that the average exposure is above the level of 3 µg/kg bw/d proposed by the food-additive petition as an acceptable daily intake (ADI), and the other suggested it is below that level, both reports actually state that average exposure is below petitioners' proposed ADI.

FDA has confirmed that this error, which if anything worked in petitioners' favor at the time, would not change its evaluation of the food-additive petition, and FDA's other critiques of the proffered exposure estimates still apply. *See* JA1684 (explaining that petition failed to account for issues with relying on biomonitoring studies and "the diverse parameters used in the cited dietary exposure analyses"). Moreover, although FDA was mistaken to characterize the values as "contradictory," FDA's conclusion that "[f]urther analysis is needed to determine which, if either, of these … values is suitable for the purpose of a safety assessment" still stands, JA 1684, and plainly neither figure supported petitioners' case as neither exceeded petitioners' own assessment of an acceptable daily intake. In addition, the specific issue regarding the alleged contradictory exposure values has not been raised by petitioners before the agency or this Court. *See* JA1800-1809.

                                       Sincerely,

                                       */s/ McKaye L. Neumeister*
                                       McKaye L. Neumeister
                                       U.S. Department of Justice
                                       Civil Division, Appellate Staff

cc:    All counsel (via CM/ECF)

# CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this letter contains 342 words according to the count of Microsoft Office 365, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister