

February 23, 2026

*Via CM/ECF*

Clifton B. Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re:    Alaska Community Action on Toxics, et al. v. FDA, et al., No. 24-1382 (argued Feb. 2, 2026)

Dear Mr. Cislak,

    Petitioners respectfully submit this response to FDA's February 20, 2026, letter ("FDA Letter") identifying an error in FDA's order denying Petitioners' 2016 petition.[1]

    Petitioners agree that FDA's petition-denial confused the estimates of women's average dietary exposure to DEHP and DINP calculated by the Consumer Product Safety Commission's expert panel ("CPSC Expert Panel" or "CHAP"). FDA Letter 1. But FDA's suggestion that Petitioners' 2016 petition provided no exposure estimate that "support[s] petitioners' case," *id.* at 2, is false and underscores FDA's failure to rationally address the record evidence.

    The 2016 petition did not even rely on the CPSC Expert Panel's estimate of women's *average* dietary exposure to DEHP—the figure FDA's petition-denial misstated—to demonstrate that exposure to FDA-approved phthalates exceeds safe levels. Instead, the petition cited the CPSC Expert Panel's findings that women's *high-end* (95th percentile) dietary exposure to DEHP exceeds the "tolerance," or

---

[1] FDA incorrectly asserts that its order denying the 2016 petition is "under review" in this litigation. FDA Letter 1. Instead, it is FDA's subsequent order denying Petitioners' *objections* to FDA's petition-denial that is under review. *See* Petition for Review, Dkt. No. 2091192; 21 U.S.C. § 348(g)(1) (providing for judicial review of FDA order on objections, not underlying petition).

1

acceptable intake level, as do average and high-end exposures to DINP and DIDP.[2] JA974. FDA has no answer to the data on which the 2016 Petition actually relied. *See* FDA Letter 2. FDA's "other critiques of the proffered exposure estimates," *id.*, do not fill this gap nor provide a rational response to the multiple lines of record evidence that reinforce what the CPSC Expert Panel found: that real-world exposure to approved phthalate additives exceeds safe levels. *See* Pet'rs' Br. 45-51, Dkt. No. 2146433; Pet'rs' Reply Br. 25-29, Dkt. No. 2146434.

In sum, while Petitioners appreciate FDA's acknowledging its error, FDA errs again in asserting that its corrected characterization of its petition-denial order supports the agency's position.

Respectfully submitted,

*/s/Katherine K. O'Brien*
KATHERINE K. O'BRIEN
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
(212) 284-8036
kobrien@earthjustice.org

LAKENDRA S. BARAJAS
KELLY E. LESTER
Earthjustice
48 Wall St., Floor 15
New York, New York 10005
(212) 284-8025
(332) 251-0243
lbarajas@earthjustice.org
klester@earthjustice.org

*Counsel for Petitioners*

---

[2] FDA does not dispute that it must consider whether people experiencing higher-than-average exposures are at risk of harm. *See* JA1725-26 (objections).

2

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 28(j) because it contains 339 words.

I certify that on February 23, 2026, I electronically filed the foregoing document and its addendum with the Court's CM/ECF system, which will serve each party's counsel of record.

<i>/s/Katherine K. O'Brien</i><br>
KATHERINE K. O'BRIEN