

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 514-8100

May 27, 2026

**By CM/ECF**

Clifton B. Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

      Re:    *Alaska Community Action on Toxics v. FDA*, No. 24-1382
              (argued Feb. 2, 2026).

Dear Mr. Cislak:

We write pursuant to Rule 28(j) to inform the Court that on May 27, 2026, the Food & Drug Administration (FDA) issued a report titled *FDA Review of Select Ortho-Phthalate Food Contact Substances as Chemically or Pharmacologically Related (CPR) Substances*, https://www.regulations.gov/document/FDA-2026-N-5776-0001. The report discusses FDA's comprehensive review of scientific data concerning eight phthalates authorized for food-contact use, and concludes that the information supports grouping four of those phthalates (DEHP, DCHP, DIOP and DINP) as chemically- or pharmacologically-related substances for purposes of safety assessment, which FDA announced is its planned next step. *See* FDA, *FDA Advances Post-Market Review of Phthalates Used in Food Contact Materials: Constituent Update*, https://www.fda.gov/food/hfp-constituent-updates/fda-advances-post-market-review-phthalates-used-food-contact-materials (May 27, 2026). The report's analysis is supported primarily by information from sources that are not part of the administrative record in this case, demonstrating FDA's commitment to solicit and study new sources relevant to the safety of phthalates, *see* JA1684, JA1700.

Petitioners had first urged in one of their objections to FDA's denial of their underlying petition that these four phthalates should be grouped for safety assessment, JA1795-97, a proposal that FDA rejected on procedural grounds. On that threshold issue—which would not alone suffice to alter FDA's authorization of these phthalates for food-contact use because it only concerns whether they should be assessed for safety together—FDA has now reached the substantive conclusion urged by one of petitioners' objections. But the report is fully consistent with FDA's decision on review here. Besides the fact that the new report's analysis is supported by numerous sources that were not part of the administrative record, FDA did not deny petitioners' proposal to group these four phthalates (or any other group of phthalates that petitioners proposed in their objections) based on an evaluation of its scientific merit. Rather, FDA explained that it was procedurally improper to belatedly propose new phthalate groupings for FDA to evaluate at the objections stage. *See* JA11-12; Gov't Br. 34-39. That conclusion is entirely consistent with FDA's new substantive determination that the four phthalates can properly be grouped for purposes of a forthcoming safety assessment.

Sincerely,

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister
U.S. Department of Justice
Civil Division, Appellate Staff

cc:    All counsel (via CM/ECF)

## CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this letter contains 344 words according to the count of Microsoft Office 365, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on May 27, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system.  I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister